UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMITA J. FULGHEN,

        Plaintiff,

vs.

JOHN E. POTTER, Postmaster General,
United States Postal Service,

        Defendant.
_____/

CIVIL NO. 09-13895
HON. PATRICK J. DUGGAN
MAGISTRATE JUDGE PAUL J. KOMIVES

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL (docket 19) AND TO DISMISS DEFENDANT'S ENTIRE AMENDED WITNESS LIST (docket 26)

I.    BACKGROUND

Pro se plaintiff Damita J. Fulghen has filed three complaints against John E. Potter, Postmaster General of the United States. All three cases are being heard before Judge Duggan. Case No. 2:09-cv-13895, which is the subject of the two motions at issue, alleges religious discrimination and was filed on October 7, 2009[1]. The complaint alleges employment discrimination and involves events which allegedly occurred at the United States Postal Service (Penobscot Postal) store in Detroit, Michigan.

On January 10, 2010, Judge Duggan issued a scheduling order, stating: the expiration date for the discovery phase of the trial (May 15, 2010); the cut-off date for dispositive motions (June 15, 2010); the final pre-trial conference date (August 17, 2010); and a trial date (September/October 2010). There is a pending motion, filed on May 17, 2010, to modify the scheduling order and extend the discovery deadline pending before Judge Duggan.

---

[1] On March 22, 2010, plaintiff filed two additional complaints against defendant alleging employment discrimination and violations of the Family Medical Leave Act. Case Nos. 2:10-cv-11148 and 2:10-cv-11150 are also assigned to District Judge Duggan.

## II. PLAINTIFF'S 6/28/2010 MOTION TO COMPEL DISCOVERY

On May, 24, 2010, defendant received plaintiff's twenty five interrogatories and seven requests to produce documents. The discovery response time expired on June 24, 2010 without plaintiff receiving a response from defendant. Before the expiration of the discovery response time, on June 15, 2010, defendant moved for summary judgment on this case One week prior to the expiration of the discovery response time plaintiff contacted defendant to determine their status. After the expiration of the discovery deadline, plaintiff waited four days to attempt corresponding with defendant regarding the discovery responses. Plaintiff did not receive a response from plaintiff. Following plaintiff's June 28, 2010 motion to compel discovery, defendant responded to the discovery requests by providing plaintiff with answers to the interrogatories. *Doc. Ent.* #25. Plaintiff has responded that the answers are "disturbing and extremely vague," *Plaintiff Reply to Motion to Compel Discovery Response*, *Doc. Entry.* #28, pg. 2. However, she has not supplied this Court with the answers in question.

Under Rule 33 of Federal Rules of Civil Procedure, a party is entitled to "serve upon any other party written interrogatories, not exceeding 25 in number . . ." Fed. R. Civ. P. 33(a). If the interrogatories are not returned within 30 days after their service, the serving party must make good faith efforts to confer with the opposing party to furnish the answers or objections in order to file a motion to compel with the court. Fed. R. Civ. P. 37(a)(2)(b). Further, returned interrogatories that are evasive or incomplete answers are to be treated as a failure to disclose, Fed. R. Civ. P. 37(a)(3), and risk court-issues sanctions. *See Hunter v. Intern. Systems & Controls Corp.*, 56 F.R.D. 617 (W.D. Mo. 1972). Where such incomplete or evasive answers are given, and the moving party cannot receive the information in another reasonable manner, the court will order further answers. *Martin v. Easton Pub. Co.* 85 F.R.D. 312 (E.D. Pa. 1980)

(court ordered plaintiff to answer more specifically certain interrogatories questioning statistical and documentary evidence in sexual discrimination case approaching trial where general references to 630 pages of notebooks she had maintained and to 2,000 page deposition dealing with the type of statistical and documentary evidence which she intended to present at trial). However, a discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 "shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion." LR 37.2.

Here, plaintiff has met all requirements except for Local Rule 37.2. Defendant received plaintiff's twenty-five interrogatories and seven requests to produce documents on May 24, 2010, but did not provide answers until July 12, 2010. The record shows plaintiff has made good faith attempts to confer with defendant outside of court: one week prior to the expiration of the interrogatories deadline, plaintiff attempted to contact defendant's counsel to check the status of the May 24, 2010 discovery request. Further, on June 28, 2010, four days past the expiration of the deadline for discovery responses sent May 24, 2010, plaintiff made two more attempts to contact defendant's counsel to discuss the discovery responses; however, these attempts were unsuccessful as plaintiff's messages were not returned. Therefore, plaintiff has attempted to confer with defendant to secure the disclosure without court action.

Although plaintiff has waited until the end of discovery to make these discovery requests, it would prejudice her if she were not able to receive the information. Plaintiff had to reply to defendant's June 15, 2010 motion for summary judgment when she had not yet received her interrogatory answers. A copy of these answers to the interrogatories were not provided to the court by plaintiff with her motion and were not included with the reply to the defendant's

response. Individual interrogatories must be looked at to determine whether they have been answered directly and without evasion in accordance with information that the answering party possesses after due inquiry.

In response, defendant requests that plaintiff's motion to compel be dismissed as moot because answers to the interrogatories have been delivered to plaintiff. *Doc. Ent.* #25. As already noted, plaintiff insists the belated answers are extremely vague and disturbing. *Id.* at 2. I disagree. I was provided an opportunity to examine the copy of the discovery responses provided to plaintiff during the hearing I conducted on August 4, 2010 and I find them to straight forward and not "vague" or "disturbing." I also note that counsel for defendant agreed at this hearing to provide plaintiff with a fresh copy of the investigation file and the hearing testimony. I conclude that defendant has appropriately responded to plaintiff's discovery requests. Plaintiff may submit further follow-up interrogatories, not to exceed six in number, if she believes additional information is needed.

III. **PLAINTIFF'S 7/13/2010 MOTION TO COMPEL THE DISMISSAL OF DEFENDANT'S ENTIRE AMENDED WITNESS LIST**

I conclude that plaintiff's motion to compel the dismissal of defendant's amended witness list should be denied because a court has discretion as whether to grant amendments to a witness list.

On April 9, 2010, plaintiff filed her witness list for case no. 2:09-cv-13895, and on April 12, 2010, defendant's preliminary witness list was filed with this court. *Doc. Ent.* #14. Subsequently, on July 7, 2010, defendant submitted an amended witness list. *Doc. Ent.* #20. In response to defendant's amended witness list, plaintiff filed a Motion to Compel the Dismissal of Defendant's Entire Amended Witness List because defendant seeks the privilege of continuous adjustments to their witness list throughout the discovery period.

Under Local Rule 16.2(b)(8), the Court continues to have discretion of whether to permit an amendment to a witness list. "Except as permitted by the Court for good cause a party may not list a witness unless the witness was included on a witness list submitted under a prior order …" LR 16.2(b)(8). Further, "only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial." *Id.* Further, Local Rule 7.1 makes it possible for a moving party to receive a default judgment when the respondent opposing a motion does not file a response within 14 days after the motion's service. Local Rule 7.1(b); 7.1(d)(2)(B) (E.D. Mich.)

Here, there is a simple, but excusable, misunderstanding on plaintiff's behalf. Pro se plaintiff has misinterpreted the meaning of number 24 on the witness list. Regardless of what defendant's amended witness list states, this Court holds the power to grant or deny an amendment to a witness list and allow such witnesses to testify at trial. Thus, I interpret defendant's statement on the amended witness list to mean that defendant sought to preserve any right defendant might have to amend the witness list in the future.

Although the Court could grant plaintiff's motion due to a procedural default because a response was not filed before the hearing, such an action would be unreasonable. The objectionable language, "[d]efendant reserves the right to amend this list as discovery proceeds," *Amended Witness List*, pg. 2, #24, is only meant for defendant to keep whatever right he might have in relation to amending the witness list in the future. Therefore, this Court should deny plaintiff's motion to compel the dismissal of defendant's amended witness list.

IV. **ORDER**

A. Plaintiff's motion to compel (docket #19) is DENIED. Plaintiff is given leave to submit six follow-up interrogatories.

B. Plaintiff's motion to compel the dismissal of defendant's entire witness list is DENIED.

C. Objections to this order for consideration by the district judge must be filed within fourteen days after being served with a copy of this order.

Date: August 11, 2010          s/Paul J. Komives

                                                     Paul J. Komives

                                                     United States Magistrate Judge

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on August 11, 2010.
>
>                                   s/Eddrey Butts
>                                   Case Manager