UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMITA FULGHEN,

    Plaintiff,

v.

JOHN E. POTTER, United States
Postmaster General,

    Defendant.
                                      /

Case No. 09-13895

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 20, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On October 2, 2009, Damita Fulghen ("Plaintiff") filed this *pro se* action against John Potter, United States Postmaster General, alleging employment discrimination on the basis of religion, in violation of her rights under Title VII of the Civil Rights Act of 1964. Defendant filed a Motion for Summary Judgment on June 15, 2010, and the Court granted this Motion in an Opinion and Order dated November 5, 2010. Presently before the Court is Plaintiff's Motion for Reconsideration, filed on November 24, 2010, pursuant to Eastern District of Michigan Local Rule 7.1(h).

The Court grants a motion for reconsideration only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that correcting the

defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "to give an unhappy litigant one additional chance to sway the judge." *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Plaintiff notes that Equal Employment Opportunity Commission Administrative Judge David Treeter found that she was discriminated against based on her religion, and asserts that this conclusion is binding on the Court. Where a federal employee seeks to challenge an administrative decision, rather than simply enforce it, a *de novo* trial results, and "the district court is not bound by the administrative findings." *Haskins v. U.S. Dep't of Army*, 808 F.2d 1192, 1199 n.4 (6th Cir. 1987). Plaintiff challenges Administrative Judge Treeter's decision, arguing that damages were warranted. Title VII, however, does not allow a federal employee to bring a civil action alleging only that the administrative remedy was insufficient. *Laber v. Harvey*, 438 F.3d 404, 423 (4th Cir. 2006). This Court concluded that Plaintiff failed to establish a prima facie case of religious discrimination. Accordingly, the Court rejects Plaintiff's first argument.

Plaintiff contends that Defendant's actions violated the Postal Service's policy on Emergency Placement, and thus violated the applicable collective bargaining agreement. Breach of a collective bargaining agreement, however, does not necessarily constitute

religious discrimination. Even if Defendant breached the applicable collective bargaining agreement, Plaintiff has failed to establish that she was treated less favorably than other employees based on her religion.

Plaintiff points to several statements by supervisors and other employees that she was reading the Bible, arguing that these statements constitute direct evidence of religious discrimination. "[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). The evidence cited by Plaintiff does not require the conclusion that unlawful discrimination motivated Defendant's actions. It is plausible that Plaintiff was disciplined because she was reading when she was scheduled to be working, not because of the religious nature of her book. For this reason, the Court concluded that Plaintiff's evidence of discrimination was only circumstantial, and evaluated her claim under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973). The Court finds no error in that conclusion.

Finally, Plaintiff argues that Charles McColla was a similarly situated employee who was treated more favorably, and that the Court incorrectly concluded otherwise. Although McColla's termination was rescinded, Plaintiff admits that her suspension and emergency placement were also rescinded, and that she received pay for the period in question. Plaintiff has failed to demonstrate that McColla was treated more favorably.

Plaintiff raises many of the same arguments that she relied upon in opposing summary judgment, but after careful review, the Court finds no "palpable defect" in its

3

conclusions.

    Accordingly,

    **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:

Damita Fulghen
18651 Marlowe
Detroit, MI 48235

Vanessa Miree Mays, A.U.S.A.